UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

In the Matter of the Search Regarding    No. _4:21-mj-28_

21-026-04

**REDACTED AFFIDAVIT IN
SUPPORT OF SEARCH AND
SEIZURE WARRANT**

---

STATE OF SOUTH DAKOTA    )
                              :SS
COUNTY OF MINNEHAHA    )

I, Craig Scherer, being duly sworn on oath, depose and say:

**INTRODUCTION AND AGENT BACKGROUND**

1.    I am a Special Agent with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) in Sioux Falls, South Dakota and have been duly employed in this position since December 2003.   I am a graduate of the Criminal Investigator Training Program and ICE Special Agent Training Program at the Federal Law Enforcement Training Center.   I have received specialized training pertaining to conducting criminal investigations, immigration and customs laws, investigative techniques, searching databases, conducting interviews, executing search warrants, and making arrests with respect to criminal violations of United States Code.

2.    As a Special Agent one of my responsibilities is investigating drug trafficking organizations and associated money laundering methods.   I have led and assisted with numerous investigations into violations of the Federal Controlled Substances Act and I am familiar with the provisions of Title 21 and 18 of the United States Code.

**PURPOSE OF AFFIDAVIT**

3.    Through this affidavit, I am requesting a search warrant be issued for all contents and electronically stored information within the following property, all currently located at the Sioux Falls HSI office:

- Blue AT&T cell phone, unknown model, containing an AT&T prepaid SIM card and 32GB SanDisk memory card, seized from ███████████████████████.

4.      As described more fully below, I respectfully submit there is probable cause to believe that the cell phones described in this affidavit contain information that constitutes evidence or instrumentalities of criminal violations of Title 21 U.S.C. §§ 846 and 841(a)(1) (controlled substances) and 18 U.S.C. § 1956 (money laundering).

5.      Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation.   I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence of violations of United States Code are located within cell phones described in this affidavit.

6.      I have received information from other law enforcement officers and sources of information by either verbal or written report.   The officers and sources providing information may have received the information by way of personal knowledge or from another source.

## SUMMARY OF INVESTIGATION

7.      HSI Sioux Falls, IRS, U.S. Postal Inspection Service and the Sioux Falls Area Drug Task Force (SFADTF) have been investigating an international methamphetamine Drug Trafficking Organization (DTO) responsible for sending bulk methamphetamine from California to South Dakota.   To date, this investigation has seized approximately 40lbs of methamphetamine in Sioux Falls, SD.

8.      Through numerous interviews and exploitation of seized cell phones, ▉▉▉▉▉▉ was identified as a member of this DTO.



9.      On

10.     During an interview

11.     On



12. FedEx Shipping label displayed ship date ███████████ ██████████:

| To | From |
|---|---|
| ███████████ | ███████████ |

13. ███████████████████████████████.

14. On ███████████████████████████████████████

15. *SMS Text Message Conversation between* ████████████████████

16. *SMS Text Message Conversation between GENTRY and David KING (605-670-6362).* Between June 10, 2020, and June 16, 2020 GENTRY has a conversation with phone number 605-670-6362 (KING) "make sure ur girl is home today and awake", "And if they want a signature don't panic I think it's a fed ex thing", "But take a look at ur fedex guy or tell her too she just needs to know something may be up if it's not him sometime down the road", "U have a sufu address", "If u do I can get u this tomorrow", "Yo HMU", "U ok fool", "Gustavo alvarado", "For the Walmart to Walmart", and "Don't throw away your receipt

[3]

until we get it cashed bro". KING responds "K" and "22 sent". GENTRY says, "K" and "U got a reference number", KING responds "733124220".  On June 13, 2020, GENTRY sends "2400?", KING responds "Ya". GENTRY says "16th by 10Am", KING responds with a smiley face emoticon. GENTRY says, "Can I wire the last 24 tomorrow I have a girl that will pick it up" and "Rebecca Maria Villa 6199641778", KING responds "Ya".  On June 14, 2020, GENTRY says, "K cool I left em another 1200 so imma have them mail one more first thing Monday morning but imma try to find another address" and "Call me when u can". KING says "2350", GENTRY responds "K". KING sends GENTRY "703 to 64469", and "My name and phone number". GENTRY responds "K cool" and "Should be there by 10am".

17.   Between ████████████████████████████████████████.

18.   CA Hauck reviewed 39 MMS messages between ████████████████████████████████:



| From | To | Description |
|---|---|---|
| ██████ | ████ | ████████████████████████████ |
| ██████ | ████ | ████████████████████████ |
| ██████ | ██████ | █████████████████████████████ |
| ██████ | ████ | █████████████████ |
| ██████ | ████ | █████████████████ |
| ██████ | ████ | ████████████████████ |

19.   On ████████████████████████████████████████████████.

20.   A search of ████████████████████████████████████████████████.

[4]

21. I read 

22.

23.

24.

25.

26.

27. I requested

28.   On 

29.

30.

31.   On

32.

33.



**TECHNICAL BACKGROUND**

38.   Based on my training and experience, my knowledge of the investigation, and the information described above, I believe that the device listed in this affidavit is likely to contain information relating to violations of 21 U.S.C. §§ 846 and 841(a)(1) (controlled substances) and 18 U.S.C. § 1956 (money laundering).

39.   Based on the aforementioned, I believe evidentiary items can be located in the electronic device described above.  I request to search the device's media files, videos, text messages, call logs, address logs, address books, and any other stored information for any evidence that pertains to the possessing and distributing controlled substances and financial violations, more fully described in Attachment A, attached hereto and incorporated herein by reference.

40.   The Government agrees to request another search warrant from the Court before it reviews data from the electronic storage media or electronically stored information seized pursuant to the requested warrant for purposes unrelated to this investigation.

41.   Based upon my training, experience and participation in other investigations involving cocaine, crack cocaine, MDMA, steroids, methamphetamine, heroin, marijuana and/or other controlled substances, I know:

[7]

a. That narcotics traffickers often place their assets in names other than their own to avoid detection of these assets by government agencies.

b. That even though their assets are in other persons' names, the narcotics traffickers own and continue to use these assets and exercise dominion and control over them.

c. That large-scale narcotics traffickers often maintain on hand large amounts of U.S. currency in order to maintain and finance their ongoing narcotics business.

d. That narcotics traffickers often maintain books, records, notes, ledgers, airline tickets, money orders, and other papers relative to the transportation, ordering, sale, and distribution of controlled substances. That narcotics traffickers occasionally "front" (provide narcotics on consignment) narcotics to their clients. That the aforementioned books, records, receipts, notes, ledgers, etc., are often maintained where the narcotics traffickers have ready access to them, including in their residences and vehicles.

e. That it is common for narcotics traffickers to secrete contraband, proceeds of drug sales, and records of drug transactions (some being coded and cryptic in nature and stored within electronic devices) in secure locations within, or in near proximity to, their respective residences and/or vehicles for ready access and to conceal from law enforcement authorities.

f. That persons involved in drug trafficking often conceal in and near their residence and vehicles caches of drugs, large amounts of currency, financial instruments, precious metals, jewelry, and other items of value and/or proceeds of drug transactions; and evidence of financial transactions related to obtaining, transferring, secreting, and/or spending of large sums of money made from engaging in narcotics trafficking activities.

g. That controlled substance traffickers commonly maintain address or telephone books or papers which

[8]

reflect names, addresses and/or telephone numbers of their associates in the trafficking organization.

    h.    That narcotics traffickers often utilize electronic pagers, cellular telephones, answering machines, caller identification devices, electronic address books, computers, etc., to facilitate communication with co-conspirators and/or store telephone numbers/addresses of associates, customers and sources of supply.

    i.    That narcotics traffickers often possess firearms, ammunition, and other weapons.

    j.    That persons present at locations where drugs are distributed, stored and/or used, often conceal many of the above mentioned items, particularly controlled substances and names/numbers of associates, on their person.

42.    Based on my training and experience, I know that it is common for people involved in the sale, distribution, and use of illegal drugs to keep records of their customers and suppliers, sometimes in electronic devices.

43.    I know based on my training and experience that even if long-time drug traffickers stop distributing controlled substances, either voluntarily or under law enforcement pressure, these traffickers often retain in their possession many items with evidentiary value, including telephones and telephone records; names, addresses and telephone numbers of associates; documents related to financial transactions; and other items as listed in this affidavit.

44.    I know that computers and electronic storage devices may be important to a criminal investigation in two distinct ways: (1) the objects themselves may be contraband, evidence, instrumentalities, or fruits of crime, and/or (2) the objects may be used as storage devices that contain contraband, evidence, instrumentalities, or fruits of crime in the form of electronic data. In this case, I request permission to search the contents and all electronically stored information within the above-described electronic storage devices.

45.    Based upon my knowledge, training and experience, I know that it is often necessary for seized electronic storage devices to be searched later by a qualified computer expert in a laboratory or other controlled environment.

[9]

46.    I believe based on the above information that individuals known and unknown are involved in drug trafficking activities and associated financial violations.

## CONCLUSION

47.    I respectfully request a search warrant be issued to search all contents and electronically stored information within the above-described property, for evidence of drug trafficking and money laundering activities in violation of 21 U.S.C. §§ 846 and 841(a)(1) (controlled substances) and 18 U.S.C. § 1956 (money laundering), as more fully described in Attachment A hereto.

48.    Based on the foregoing, I request that the Court issue the requested search warrant.

Special Agent Craig Scherer
Homeland Security Investigations

Subscribed and Sworn to me telephonically on the ___2ⁿᵈ___ day of March, 2021, at Sioux Falls, South Dakota.

VERONICA L. DUFFY
United States Magistrate Judge

[10]

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

In the Matter of the Search Regarding   No. 4:21-mj-28

21-026-04   **REDACTED ATTACHMENT A**

---

**DESCRIPTION OF PROPERTY TO BE SEARCHED AND SEIZED**

1. Blue AT&T cell phone, unknown model, containing an AT&T prepaid SIM card and 32GB SanDisk memory card, seized from ████████████ ████████████ and currently in the possession of HSI Sioux Falls.

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search Regarding   No. _4:21-mj-28_____

21-026-04                                **REDACTED ATTACHMENT B**

**DESCRIPTION OF PROPERTY TO BE SEARCHED AND SEIZED**

1. All records on the device described in Attachment A, **from January 1, 2018 to current**, that relate to violations of 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 1956, including:

   a) lists of customers and contacts and related identifying information;

   b) types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   c) any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   d) any information recording schedule or travel;

   e) all bank records, checks, credit card bills, account information, and other financial records;

   f) Information pertaining to assets owned or under the control of the owners of the devices being searched, including but not limited to Vehicle Identification Numbers (VINs), serial numbers and/or other identification numbers of assets;

   g) Photographs and/or videos, in particular, photographs and/or videos of co-conspirators, assets, and for controlled substances.

2. Evidence of user attribution showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search Regarding    No.  4:21-mj-28

21-026-04                                **REDACTED APPLICATION FOR**
                                         **SEARCH AND SEIZURE WARRANT**

I, Craig Scherer, being duly sworn depose and say:

I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, and have reason to believe that within the records fully described in Attachment A, attached hereto and incorporated herein by reference, there is now concealed certain property, namely: that fully described in Attachment B, attached hereto and incorporated herein by reference, which I believe is property constituting evidence of the commission of criminal offenses, contraband, the fruits of crime, or things otherwise criminally possessed, or property designed or intended for use or which is or has been used as the means of committing criminal offenses concerning violations of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 1956.

The facts to support a finding of Probable Cause are contained in my Affidavit filed herewith.

_____
Craig Scherer, Special Agent
Homeland Security Investigations

Subscribed and sworn to telephonically on the __2nd__ day of March, 2021.

_____
VERONICA L. DUFFY
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search Regarding     No.   4:21-mj-28

21-026-04                                  **REDACTED SEARCH AND
                                           SEIZURE WARRANT**

TO:   ANY AUTHORIZED LAW ENFORCEMENT OFFICER

An application by a federal law enforcement officer or an attorney for the government requests the search of records fully described in Attachment A, attached hereto and incorporated herein by reference.

I find that the affidavit, or any recorded testimony, establish probable cause to search and seize the property described above, and that such search will reveal evidence of the commission of criminal offenses, contraband, the fruits of crime, or things otherwise criminally possessed, or property designed or intended for use or which is or has been used as the means of committing criminal offenses concerning violations of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 1956 as fully described in Attachment B, attached hereto and incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before
3-16-2021 _____ (not to exceed 14 days)
☒ in the daytime – 6:00 a.m. to 10:00 p.m.
☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the undersigned Judge.

3-2-2021 at 9:05 am CST at Sioux Falls, South Dakota
Date and Time Issued Telephonically

_____
VERONICA L. DUFFY
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search Regarding

21-026-04

No. 4:21-mj-28

**REDACTED RETURN**

Date and time warrant executed: _____

Copy of warrant and inventory left with: _____

Inventory made in the presence of: _____

Inventory of the property taken and name of any person(s) seized (attach additional sheets, if necessary):

| **CERTIFICATION** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |
| Craig Scherer, Special Agent<br>Homeland Security Investigations |

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search Regarding    No. _4:21-mj-28_____

21-026-04                               **REDACTED ATTACHMENT A**

## DESCRIPTION OF PROPERTY TO BE SEARCHED AND SEIZED

1. Blue AT&T cell phone, unknown model, containing an AT&T prepaid SIM card and 32GB SanDisk memory card, seized from ███████████ ██████████ and currently in the possession of HSI Sioux Falls.

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search Regarding    No. ___4:21-mj-28___

21-026-04                                **REDACTED ATTACHMENT B**

### DESCRIPTION OF PROPERTY TO BE SEARCHED AND SEIZED

1. All records on the device described in Attachment A, **from January 1, 2018 to current**, that relate to violations of 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 1956, including:

   a) lists of customers and contacts and related identifying information;

   b) types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   c) any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   d) any information recording schedule or travel;

   e) all bank records, checks, credit card bills, account information, and other financial records;

   f) Information pertaining to assets owned or under the control of the owners of the devices being searched, including but not limited to Vehicle Identification Numbers (VINs), serial numbers and/or other identification numbers of assets;

   g) Photographs and/or videos, in particular, photographs and/or videos of co-conspirators, assets, and for controlled substances.

2. Evidence of user attribution showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.